UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

MARIO SCOTT,
     Plaintiff,

v.                                      CASE NO. _____

UNITED PARCEL SERVICE INC.
     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mario Scott, complains herein against the Defendant, United Parcel Service Inc., for violations of his rights under Title VII of the Civil Rights Act of 1964, Under 42 USC §1981 and under the Chapter 760 of the Florida Statutes.

### JURISDICTION

1. The jurisdiction of this Court is predicated upon Article III of the Untitled States Constitution, 28 USC §1331 and upon Article V of the Florida Constitution.

2. Prior to filing the instant complaint, all conditions precedent that were required to be satisfied were met.  As it relates to the Title VII and Chapter 760 claim, the Plaintiff timely dual filed an EEOC claim and a Florida Commission on Human Relations claim.

### VENUE

3. Venue is proper in the Middle District of Florida because all matters complained about herein occurred in Tampa, Florida.

### PARITES

4. The Plaintiff in this matter, Mario Scott was and continues to be an employee of the Defendant who is assigned to work at its Tampa, Florida location.

5.  United Parcel Services Inc. operated a shipping and distribution hub/office in Tampa, Florida at all times relevant to this lawsuit.

## **FACTUAL ALEGATIONS**

6.  At all times relevant to this lawsuit the Plaintiff was employed as a driver with the Defendant.

7.  The Plaintiff is an African American male driver.

8.  The drivers work on a seniority basis which means that the opportunity to bid for certain shifts and driving routes is determined on the basis of seniority.

9.  On or about February 19, 2021, the Plaintiff was made aware by Union Stewart Robert that management awarded a full-time driving position to Anthony Cantu.

10. Full time driving positions are highly coveted within the company and are supposed to be awarded on the basis of seniority.

11. The Plaintiff had more seniority than Anthony Cantu at the time that he was awarded a full-time driving position.

12. Prior to being awarded the full-time driving position Anthony Cantu was involved in a vehicle accident that was his fault.

13. Based upon the bargaining agreement a driver that is involved in an accident is supposed to be disqualified for a period of one year and then recycled back into the seniority rotation. Based upon this system, Anthony Cantu was supposed to be placed behind the Plaintiff on the seniority list.

14. The Plaintiff has repeatedly expressed his desire to become a full-time driver in the past.

15. Anthony Cantu is not an African American.

16. The Plaintiff engaged in protected activity on several occasions in the past. He has filed multiple internal complaints through the union in which he alleged that he was subjected to unlawful discrimination based upon his race.

17. The Plaintiff has also engaged in protected activity by filing an EEOC Charge against the Defendant in which he alleged that he was subjected to unlawful discrimination based upon race and based upon retaliation.

18. The Plaintiff has further participated in protected activity by filing a lawsuit against the Defendant in state court, based upon the allegations that were made in his first EEOC charge.

## COUNT I DISCRIMINATION BASED UPON RACE IN VIOLATION OF 42 USC §1981

19. The Plaintiff incorporates by reference as though fully stated herein the allegations contained withing paragraphs 1-17.

20. The Plaintiff is in a protected class, he is Black/African American.

21. He is qualified to perform the duties of a full-time package delivery driver.

22. The Plaintiff suffered an adverse employment action because he was overlooked for a full-time driver position that should have been awarded to him based upon the company's seniority system.

23. At least one other employee, who is similarly situated to him, yet a different race than him was treated more favorably than him was awarded a full-time driver position before him. Specifically, Anthony Cantu, a non-African American, was treated more favorably than the Plaintiff.

## COUNT II RETALIATION IN VIOLATION OF 42 USC §1981

24. The Plaintiff incorporates by reference as though fully stated herein the allegations contained withing paragraphs 1-17.

25. The Plaintiff engaged in protected activity in the manner discussed in paragraphs 15-17.

26. After he engaged in protected activity, he suffered an adverse employment action. He was overlooked for a full-time driver position which he should have received before the person that was awarded the position.

27. There is a causal nexus between the Plaintiff's participation in protected activity and the Defendant's decision to by-pass him for a full-time driver position and to award it to a person with less seniority than the Plaintiff.

## COUNT III RETALIATION IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTE AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28. The Plaintiff incorporates by reference as though fully stated herein the allegations contained withing paragraphs 1-17.

29. The Plaintiff engaged in protected activity in the manner discussed in paragraphs 15-17.

30. After he engaged in protected activity, he suffered an adverse employment action. He was overlooked for a full-time driver position which he should have received before the person that was awarded the position.

31. There is a causal nexus between the Plaintiff's participation in protected activity and the Defendant's decision to by-pass him for a full-time driver position and to award it to a person with less seniority than the Plaintiff.

**PRAYER FOR RELIEF**

The Plaintiff seeks all available relief specifically provided for in the statutory and decisional law of the United States of America and the state of Florida. Additionally, the Plaintiff demands the following: backpay, reasonable attorney fees, cost of litigation and compensation for emotional pain and suffering.

/s/***Jerry Girley***

Jerry Girley, Esquire
Florida Bar No. 35771
The Girley Law Firm, PA
117 E. Marks Street, Suite A
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540- 9867
phyllis@thegirleylawfirm.com