UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO SCOTT,

    Plaintiff,

v.

                                                    Case No: 8:22-cv-1460-WFJ-JSS

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant United Parcel Service, Inc.'s ("UPS") Motion to Dismiss Plaintiff Mario Scott's retaliation claims. Dkt. 9. Plaintiff filed a response in opposition. Dkt. 12. Upon careful consideration, the Court grants UPS's motion.

## BACKGROUND

Plaintiff is an African American male who is employed by UPS as a delivery driver. Dkt. 1 ¶¶ 6–7. Though Plaintiff is not a full-time driver, he has repeatedly expressed to UPS his desire to be promoted to that position. *Id.* ¶ 14. Plaintiff states that full-time driving positions are highly coveted and supposed to be awarded to employees based on seniority. *Id.* ¶ 10.

On or about February 19, 2021, Plaintiff learned that a non-African

American employee with less seniority than Plaintiff had been promoted to a full-time driving position. *Id.* ¶¶ 9, 15. According to Plaintiff, that employee was previously involved in a vehicle accident, which should have disqualified him from receiving a full-time driver position for a period of one year per the terms of a collective bargaining agreement's seniority provisions. *Id.* ¶¶ 12–13. Contending that he should have been awarded this promotion due to his seniority, Plaintiff asserts that UPS discriminated against him on the basis of race. *Id.* ¶¶ 19–23.

Prior to not being awarded the February 2021 full-time driver position, Plaintiff contends that he engaged in protected activity on several occasions while working for UPS. *Id.* ¶ 16. Plaintiff states that he filed multiple internal complaints with his union alleging that UPS engaged in racial discrimination. *Id.* He also filed an Equal Employment Opportunity Commission charge of discrimination (an "EEOC Charge") alleging that he was subjected to racial discrimination and retaliation. *Id.* ¶ 17. Plaintiff thereafter filed a lawsuit against UPS in state court based on the allegations set forth in the EEOC Charge. *Id.* ¶ 18. Given this protected conduct, Plaintiff asserts that UPS's decision not to award him the promotion was an act of unlawful retaliation. *Id.* ¶¶ 24–31.

Based on the above, Plaintiff brings a three-count Complaint against UPS. In Count I, Plaintiff asserts race discrimination in violation of 42 U.S.C. § 1981. *Id.* ¶¶ 19–23. Count II alleges a second violation of § 1981 based on UPS's alleged

retaliation. *Id.* ¶¶ 24−27. Finally, Count III is a retaliation claim brought under the Florida Civil Rights Act ("FCRA"), section 760.01 *et seq.*, Florida Statutes, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq. Id.* ¶¶ 28−31. UPS now moves to dismiss Counts II and III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 9.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* In considering a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court should limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## ANALYSIS

In its present motion, UPS seeks dismissal of Plaintiff's two retaliation claims. Dkt. 9 at 1. Absent direct evidence, retaliation claims brought under § 1981, the FCRA, and Title VII are assessed under the burden-shifting framework

3

established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020); *Flores v. Devry Univ., Inc.*, 573 F. App'x 833, 835 (11th Cir. 2014). Under the *McDonnell Douglas* framework, a plaintiff alleging retaliation must show: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between his protected activity and the adverse employment action. *Dixon v. Hallmark Cos.*, 627 F.3d 849, 856 (11th Cir. 2010). UPS contends that Plaintiff has not demonstrated a causal link between his protected activity and UPS's alleged failure to promote him to the February 2021 full-time driver position. Dkt. 9 at 5–9. The Court agrees.

"To establish a causal connection, a plaintiff must show that the relevant decisionmaker was aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Jones v. Gulf Coast Health Care of Del., LLC*, 854 F.3d 1261, 1271 (11th Cir. 2017) (internal quotes and citations omitted). Close temporal proximity between the protected conduct and adverse employment action is typically "sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection." *Id.* (citations omitted). However, absent other evidence, temporal proximity must be "very close" to satisfy the causation requirement. *Id.* at 1271–72 (citations omitted).

Here, Plaintiff alleges that, prior to UPS's failure to promote him to the full-

4

time driver position in February 2021, he made union grievances of race discrimination, filed an EEOC charge of race discrimination and retaliation, and initiated a lawsuit against UPS alleging race discrimination and retaliation. Plaintiff does not indicate when he engaged in these alleged protected activities, making it impossible for the Court to analyze temporal proximity through the Complaint.

However, attached to UPS's Motion to Dismiss are copies of the union grievances, initial EEOC charge, and state court lawsuit referenced in the Complaint. *See* Dkts. 9-1, 9-2, 9-3. Given these documents of undisputed authenticity[1] are referenced in the Complaint and central to Plaintiff's retaliation claims, the Court may consider them without converting UPS's motion into one for summary judgment. *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

Turning first to Plaintiff's union grievances provided by UPS, the Court finds that the filing of these grievances does not amount to protected activity for purposes of Plaintiff's retaliation claims. These grievances, which were filed by Plaintiff in the year prior to being bypassed for the full-time driver position, do not assert race discrimination or retaliation. *See* Dkt. 9-1. To constitute protected

---

[1] In his response to UPS's Motion to Dismiss, Plaintiff does not challenge the authenticity of the attached documents. *See* Dkt. 12.

5

activity supporting retaliation claims under §1981, Title VII, and the FCRA, Plaintiff's grievances must contain allegations of race discrimination or race-based retaliation such that his reporting of that conduct would be protected by those statutes. *See, e.g.*, *Bond v. Dep't of Air Force*, 202 F. App'x 391, 396 (11th Cir. 2006) (filing of union grievance was not protected activity supporting Title VII retaliation claim where grievance did not allege discriminatory conduct in violation of Title VII); *Rancher v. Hubbell Power Sys.*, No. 2:20-cv-1983-ACA, 2022 WL 1557047, at *6 (N.D. Ala. May 17, 2022) (plaintiff's grievance could not support § 1981 retaliation claim where grievance alleged only sex and age discrimination).

While the grievances attached to the Motion to Dismiss do not constitute protected activity, Plaintiff's initial EEOC charge of race discrimination and retaliation and his state court lawsuit alleging the same suffice. However, Plaintiff filed his initial EEOC charge in March 2018 and brought his lawsuit in May 2019, Dkt. 9-2 & 9-3, meaning nearly two years passed between Plaintiff's most recent protected conduct and the alleged adverse employment action in February 2021.[2] UPS's bypassing of Plaintiff for a promotion nearly two years after Plaintiff's protected conduct is too remote to establish causation based on close temporal

---

[2] "Where the protected activity at issue is the filing of a discrimination lawsuit, the relevant date in determining temporal proximity of the protected activity and any materially adverse action is the *filing* of the lawsuit[.]" *Simpson v. State of Ala. Dep't of Hum. Res.*, 501 F. App'x 951, 954 (11th Cir. 2012) (emphasis in original).

proximity. *See Cox v. City of Tampa*, 418 F. App'x 845, 847 (11th Cir. 2011) (finding gap of one year insufficient); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (finding gap of three months insufficient). With Plaintiff offering no evidence to otherwise establish that his protected activity and the alleged adverse employment action were not wholly unrelated, Plaintiff has not established the required causal link.[3] Plaintiff's retaliation claims must be dismissed.

Relatedly, UPS posits that Plaintiff's Count III retaliation claim brought under the FCRA is preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 301. Dkt. 9 at 10−12. "Section 301 of the LMRA preempts a state-law claim if resolution of the claim 'requires the interpretation of a collective-bargaining agreement.'" *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys*, 642 F.3d 1344, 1349−50 (11th Cir. 2011) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988)). UPS asserts that Plaintiff's FCRA retaliation claim is based on UPS's alleged breach of the collective bargaining agreement's seniority provisions, thereby requiring this Court to interpret those

---

[3] Though Plaintiff contends that he filed a second EEOC Charge, he does not state when that charge was filed. Dkt. 12 at 5. To the extent that he refers to the EEOC Charge underlying his present suit, that filing is irrelevant because it was filed *after* the alleged adverse employment action. *See* Dkt. 1 ¶ 2.

provisions. Dkt. 9 at 11−12.

To determine if Plaintiff's FCRA claim is preempted by § 301 of the LMRA, the Court must ask if any of the elements of the FCRA claim require interpretation of the collective bargaining agreement. *See Lingle*, 486 U.S. at 407. The Court must also consider the source of the right Plaintiff is seeking to vindicate. *See Caterpillar v. Williams*, 482 U.S. 386, 396 (1987).

As noted above, a plaintiff bringing a retaliation claim under the FCRA must show that (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) a causal link exists between his protected activity and the adverse employment action. *See Johnson*, 948 F.3d at 1325. Concerning the second element, Plaintiff contends that he suffered an adverse employment action when he was not selected for a promotion to which he was entitled under the collective bargaining agreement's seniority provisions. Dkt. 1 ¶ 13. However, if Plaintiff was not truly entitled to the full-time driver position under the collective bargaining agreement, then he has not alleged an adverse employment action. Assessing this element therefore requires the interpretation of the collective bargaining agreement.

Moreover, Plaintiff is seeking to vindicate seniority privileges derived from the collective bargaining agreement. These seniority privileges do not stem from any other source. *See Berry v. Coastal Int'l Sec., Inc.*, 968 F. Supp. 2d 104, 111

8

(D.D.C. 2013) ("The fact that plaintiff attributes defendant's failure to comply with the [collective bargaining agreement] to age discrimination does not alter the fundamental nature of his allegation, which is that he was not accorded the seniority to which he was entitled under the [collective bargaining agreement]."). For these reasons, the Court finds that Plaintiff's FCRA retaliation claim is preempted by § 301 of the LMRA. *See Lingle*, 486 U.S. at 410 n.10 ("Section 301 governs claims founded directly on rights created by collective-bargaining agreements[.]").

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss, Dkt. 9, Plaintiff's retaliation claims. Accordingly, Counts II and III are dismissed.

**DONE AND ORDERED** at Tampa, Florida, on September 2, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record