IN THE UNITED STATES DISTRICT OF COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO SCOTT,
    Plaintiff,

v.                                                  CASE NO. 8:22-CV-01460

UNITED PARCEL SERVICE INC.
    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff in and through the undersigned counsel to file his Statement of Disputed Material facts.

### I.    INTRODUCTION

This case is before the Honorable Court on the Defendant's Motion for Summary Judgment. The Plaintiff alleges that he was discriminated against when the Business Manager offered a driving promotional opportunity to a person who had less seniority than he did. The Plaintiff is African American and the person that was given the driving opportunity was White. The Defendant has submitted different unsworn documents and statements that are not properly authenticated and thus would not be admissible in court. Accordingly, the evidence offered by the Defendant in support of its Motion for Summary Judgment cannot be relied upon to resolve the question of whether there is a material question of fact that is in dispute. Additionally, the Defendant's citations to the record are confusing and they do not comply with the requirements for citation to the record. The defendants refer to exhibit F but no such exhibit exist.

### II.    FACTUAL BACKGROUND

1. Mario Scott was initially hired as a package handler during the peak season in 2011. He later came back as a permanent worker on or about January 2012 (Doc. 25-11 at 22,26).

2. The Defendant has a policy that ostensibly prohibits discrimination within the workplace. However, the rule was not regularly enforced and was violated frequently as it relates to Plaintiff Mario Scott (Id at 108).

3. The Defendant's promotional practices are governed by the bargaining agreement between the company and the union. It requires that nonmanagerial promotions are supposed to be conducted based upon seniority and a bidding process (Id at 88, 99).

4. Contrary to what Defendant alleges there is no independent authority that exists which allows the local Business Manager to circumvent the bidding and posting protocol and hand-select a person for a vacant position. (Id).

5. Contrary to what Defendant has alleged the qualifications for non-peak drivers is not more stringent than the peak time drivers. The Declaration submitted in support of the Defendant's motion asserts that there is a carve out that permits the Business Manager to choose the most senior employee for an open position, but it does not cite to a particular portion of the policy or the bargaining agreement that states that (Doc. 25-3).

6. There was no need to have the Plaintiff repeat the driving course that he had previously completed. The Plaintiff was then disqualified from the course withstanding the fact that he passed all of the driving portions and the written portions of the school. He was disqualified because of the color of the belt that he had to hold up the pants that he was issued by the Defendant (Id at 52, 53). The material covered in the peak season driving course and the material covered in the five-day course was essentially the same.

7. In February of 2021, the Business Manager at the Bayside location, Tom Teimer, approached Anthony Cantu, to offer him a promotional opportunity that should have been

posted in the building which would have permitted the Plaintiff and others to bid upon that promotional opportunity (EEO Charge, Doc. Ex.1, Ex. 2).

8. The Plaintiff has more seniority than Anthony Cantu (25-11 at 36,37).

9. Pursuant to the requirements of the bargaining agreement, Anthony Cantu was disqualified from driving for a one-year period after he was involved in an avoidable vehicle accident.

10. The Plaintiff is an African American. Anthony Cantu is a White person (Id at EEOC Charge).

### A. UPS Policies and Procedures

11. The Defendant attempts to rest on the fact that it has written policies that prohibit discrimination based upon membership in a protected class. However, the fact that the Defendant has written policy does not prove that they followed it. There is a question of fact here as to whether the Plaintiff's rights under the bargaining agreement were violated, and whether this violation was effected by means of deviating from the company's standard practice.

### B. The Seniority System

12. Plaintiff's claim rest on the fact that Defendant parted from its seniority practices when it allowed Anthony Cantu to receive a promotional opportunity that was not posted in the building as the bargaining agreement requires.

## III.   SUPPORTING MEMORANDUM OF LAW

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary

judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true, and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032,

4

1034 (11th Cir. 1981). Mullin v. Sec'y, U.S. Dep't of Veterans Affs., No. 8:20-CV-2697-VMC-AEP, 2022 WL 2159721, at *8–9 (M.D. Fla. June 15, 2022).

A clear and convincing standard of proof should be taken into account in ruling on summary judgment. This standard by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. See *Adickes,* 398 U.S., at 158–159, 90 S.Ct., at 1608–1609. Neither is it permissible that the trial court should act other than with caution in granting summary judgment. or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial. *Kennedy v. Silas Mason Co.,* 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948).  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513–14, 91 L. Ed. 2d 202 (1986).

The right of trial by jury in the courts of the United States is expressly secured by the 7th article of Amendment to the Constitution, and Congress has, by statute, provided for the trial of issues of fact in civil cases by the court without the intervention of a jury, only when the parties waive their right to a jury by a stipulation in writing. Rev. Stat. §§ 648, 649, U. S. Comp. Stat. 1901, p. 525. This constitutional right this court has always guarded with jealousy. Doe ex dem. Elmore v. Grymes, 1 Pet. 469, 7 L. ed. 224; D'Wolf v. Rabaud, 1 Pet. 476, 7 L. ed. 227; Castle v. Bullard, 23 How. 172, 16 L. ed. 424; Hodges v. Easton, 106 U. S. 408, 27 L. ed. 169, 1 Sup. Ct. Rep. 307. Slocum v. New York Life Ins. Co., 228 U.S. 364, 387, 33 S. Ct. 523, 532, 57 L. Ed. 879 (1913)

## B.  Plaintiff's Has Established a Prima Facie Case

1. <u>Scott Did Suffer An Adverse Employment Action</u>

Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022) (quoting *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 472 (11th Cir. 1999)). The *McDonnell Douglas* burden-shifting framework generally applies to discrimination claims based on circumstantial evidence. *Id.* That framework first requires Scott to establish a prima facie case of intentional discrimination. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc). If he does so, he is entitled to a rebuttable presumption of intentional discrimination.[4] *Id.* at 1222. To rebut that presumption, Meredith needs to produce evidence of a valid, nondiscriminatory reason for terminating him. *Id.* at 1221. If it meets that burden, the presumption of intentional discrimination drops out of the case and Scott must demonstrate that Meredith's "proffered reason was merely a pretext for unlawful discrimination, an obligation that 'merges with the plaintiff's ultimate burden of persuading the factfinder that [he] has been the victim of intentional discrimination.' " *Id.* (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (alterations adopted).

Unlike a Title VII discrimination claim—where a lesser "motivating factor" standard sometimes applies—a § 1981 claim requires proof that race was a but-for cause of a termination. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, ––– U.S. –––, 140 S. Ct. 1009, 1013, 1017, 206 L.Ed.2d 356 (2020). This does not require Scott to prove that race was the *exclusive* cause of his termination, but it does require him to prove that but for his race he would not have been terminated. *See United States v. Benjamin*, 958 F.3d 1124, 1131–32 (11th Cir. 2020); *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1297–98 (11th Cir. 2021). So, to survive summary judgment, Scott needs to show that a reasonable jury could conclude that had he not been white,

6

he would not have been terminated. See Ossmann v. Meredith Corp., 82 F.4th 1007, 1014 (11th Cir. 2023).

Moreover, the precise requirements of a prima facie case can vary depending on the context and were "never intended to be rigid, mechanized, or ritualistic." *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); see also *McDonnell Douglas*, *supra,* at 802, n. 13, 93 S.Ct. 1817 ("[T]he specification ... of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations"); *Teamsters v. United States,* 431 U.S. 324, 358, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) (noting that this Court "did not purport to create an inflexible formulation" for a prima facie case); *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 927 (C.A.8 1993) Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002).

Deviation from a policy or procedure may be evidence of pretext if the deviation occurred in a discriminatory manner. *See Walker v. Prudential Property and Cas. Ins. Co.,* 286 F.3d 1270, 1279 (11th Cir.2002) ("The bending of established rules may, of course, be suggestive of discrimination."); *Rojas v. Florida,* 285 F.3d 1339, 1344 n. 4 (11th Cir.2002) ("To establish pretext, a plaintiff must show that the deviation from policy occurred in a discriminatory manner."). As a result, an employer's deviation from the requirements of its job listing may be evidence of pretext. *Mohammed v. Callaway,* 698 F.2d 395, 400–01 (10th Cir.1983) (finding employer's departure from the employment criteria in a job announcement to the detriment of a minority employee was probative of discrimination). Keaton v. Cobb Cnty., 545 F. Supp. 2d 1275, 1292 (N.D. Ga. 2008), aff'd sub nom. Keaton v. Cobb Cnty., GA, No. 08-11220, 2009 WL 212097 (11th Cir. Jan. 30, 2009).

In this case, Defendant claims that Plaintiff cannot meet the requirements of a prima facie case because he cannot demonstrate that he suffered an adverse employment action. Defendant predicates this assertion on a material fact that is in dispute in this case. That material fact is whether Defendant treated a White employee more favorably than Plaintiff when it did not follow its own policy, to wit, it selected someone for a promotional opportunity that had less seniority than Plaintiff. The Plaintiff asserts that Anthony Cantu's seniority was paused for a year when he was charged with an avoidable accident. The Defendant states that Cantu's seniority which began in 2011 was never paused or impaired. The Defendant does acknowledge that Cantu was involved in an avoidable accident that disqualified him from driving for a year. However, it does not provide record evidence that clearly establishes that the accident did not pause or otherwise impair his driver's seniority.

The Defendant's deviation from the seniority policy is evidence of pretext. As discussed supra. An employer's deviation from its policies can be evidence of pretext if it is done in a discriminatory manner. Here, Defendant departed from its policy by giving the unannounced driving position to someone outside of Plaintiff's protected class. Anthony Cantu is White, and the Plaintiff is Black African American. The evidence at this stage must be viewed in the light most favorable to the Plaintiff, who is the non-moving party.

    2.   <u>Scott Has Demonstrated That The Defendant's Stated Reasons Is Pretextual</u>

To show pretext, Walker may rely on the same evidence to make a prima facie case. *Ingram,* 743 F. App'x at 916. She need only show that the motive to discriminate was one of Ninth Street's motives, even if it had other lawful motives as well. *Id.* To be clear, Walker need not show race discrimination was the but-for cause of her firing. *Nassar*, 570 U.S. at 343. But her pretext burden for Title VII discrimination is not perfunctory. That's because "merely quarreling with [Ninth

Street's] reason is insufficient." *Id.* Walker must show that Ninth Street's reason for firing her was false, *and* that racial animus was a motivating factor. *See Davis*, 550 F. App'x at 779 ("A showing that the defendant's proffered reason is unpersuasive or obviously contrived is not enough, on its own, to establish a showing of pretext. Pretext requires the plaintiff to demonstrate that the employer took the action on account of a prohibited motivation, such as race[.]"). See Walker v. 777 Ninth St. N. Operations LLC, No. 2:21-CV-870-SPC-NPM, 2023 WL 3892655, at *5 (M.D. Fla. June 8, 2023).

In this case, the Defendant does not deny that it promoted Cantu instead of the Plaintiff. Rather it asserts that it was free to do so because there was some undisclosed carve out that allowed a Business Manager to circumvent the equity-based bid process. Therefore, the same evidence that establishes that Plaintiff was subjected to disparate treatment because of race also establishes that the race-neutral reasons offered by Defendant is pretextual. To be sure, question of fact is presented concerning an alleged carve-out that permitted Defendant to disregard its seniority promotion system and thereby pass over Plaintiff for a promotion that he was qualified for and entitled to receive.

Lastly, the Plaintiff argues that summary judgment is not proper because the Plaintiff has demanded a jury trial. He has not waived that demand after filing the initial demand. The right of trial by jury in the courts of the United States is expressly secured by the 7th article of Amendment to the Constitution, and Congress has, by statute, provided for the trial of issues of fact in civil cases by the court without the intervention of a jury, only when the parties waive their right to a jury by a stipulation in writing. Rev. Stat. §§ 648, 649, U. S. Comp. Stat. 1901, p. 525. This constitutional right this court has always guarded with jealousy. Doe ex dem. *Elmore v. Grymes*, 1 Pet. 469, 7 L. ed. 224; *D'Wolf v. Rabaud*, 1 Pet. 476, 7 L. ed. 227; *Castle v. Bullard*, 23 How.

172, 16 L. ed. 424; *Hodges v. Easton*, 106 U. S. 408, 27 L. ed. 169, 1 Sup. Ct. Rep. 307.' *Slocum v. New York Life Ins. Co.*, 228 U.S. 364, 387, 33 S. Ct. 523, 532, 57 L. Ed. 879 (1913).

The Plaintiff is aware of the legion of cases that stand for the proposition that the granting of a summary judgment does not violate a party's Seventh Amendment right to a trial by jury. The Plaintiff respectfully argues that those cases are inconsistent and incongruent with the intent of the framers and the common understanding of most American citizens. Summary Judgment is a tool created by the courts for judicial efficiency. However, judicial efficiency should yield when and if it comes into tension with the requirements of equity.

### IV. CONCLUSION

For the above-stated reason, the Plaintiff states that this case is not ripe for summary judgment. To begin, the Defendant has not produced competent evidence that the Court may rely upon to determine whether factual questions still remain. The Court is present with conflicting evidence which it cannot resolve at the summary judgment stage. Therefore, a question of fact is present which only a jury can resolve.

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the CM/ECF filing system and a copy was served upon Brian Lerner, Esquire, blerner@kvllaw.com, Kim Vaughan Lerner, LLP and Laura C. Emadi, Esquire, lemadi@sr-llp.com, Schmoyer Reinhard, LLP on this 14th day of November, 2023.

/s/*Jerry Girley*
Jerry Girley, Esquire
Florida Bar No. 35771
The Girley Law Firm, PA
117 E. Marks Street
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com